By the Court. —
This judgment must be reversed. For that the plaintiff below hath not made out a good joint cause of action in the state of his demand, exhibited before the justice. It is clear that overseers of the poor are not a corporate body, and cannot be sued as such. The most favorable view of the state of demand of the plaintiff below, that can possibly be given, is to consider the stating of the defendants below as overseers of the poor, as surplusage, then it would be against them jointly, on their private contract. But the state of demand expressly negatives that idea, by stating that the services were done, and medicine furnished by the direction of Joseph Tomkins, one of them; and this was not a corporate act, nor were the defendants partners, in which case the act of one might, as to the partnership concerns, be said to bind the other; the action ought to have been against Tomkins only, on his private individual contract ; for it would not only be repugnant to law, but pernicious in practice, that the act of one overseer of the poor should bind another in his private individual capacity. Other points were raised by the plaintiffs in certiorari, but not noticed by the court: this being the substantial ground of reversal.
Judgment of reversal.
Cited in Inhab. of Saddle River v. Colfax, 1 Halst. 115; Board v. Cronk, 1 Halst. 119 and 146; Wood v. Reed, 3 Vroom, 418.